IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELIGAH DARNELL, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:04-CV-910-A |
| | § | |
| DEE ANDERSON, SHERIFF, | § | |
| TARRANT COUNTY, TEXAS | § | |
| | § | |
| Respondent. | § | |

<u>MEMORANDUM OPINION</u>
<u>and</u>
<u>ORDER</u>

Came on for consideration the above-captioned action wherein Eligah Darnell, Jr. ("Darnell") is petitioner and Dee Anderson is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On April 7, 2005, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that the parties file objections, if any, thereto by April 28, 2005. On April 22, 2005, Darnell filed written objections. Pursuant to the court's May 9 , 2005, order, respondent filed a document entitled "Respondent's Supplemental Reply to Petitioner's Writ of Habeas Corpus" ("Reply") along with a supporting appendix. In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings or recommendations to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667 (1980).

The magistrate judge recommended that Darnell's petition be dismissed for failure to exhaust his state remedies.  In part, the magistrate judge rejected an argument that exhaustion would be futile and noted that "Darnell's previous state applications were not properly filed due his own action of filing deficient documents, rather than the absence or ineffectiveness of such state processes."  Findings, Conclusions, and Recommendation at 4 & n.5.

First, Darnell objects that his petition is brought under 28 U.S.C. § 2241 rather than § 2254.  Although § 2241 generally provides district courts the power to grant petitions for writ of habeas corpus, such power is limited by § 2254 with regard to persons in custody pursuant to a judgment of a state court as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person <u>in custody pursuant to the judgment of a State court</u> shall not be granted unless it appears that -
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1) (emphasis added).  Because Darnell is in custody pursuant to the judgment of a state court, § 2254 and its exhaustion requirements are applicable.

Darnell next objects that he has exhausted his remedies, that his May 6, 2004, state application for habeas relief

2

included all required questions, and that the clerk's return of such application was "baseless."  Obj. at 2; Mot. Summ. J. at 5.  The court agrees.

The documents filed in this action indicate that Darnell filed three state applications, the first in May 2004, the second in July 2004, and the third in September 2004, that are relevant to the instant petition.  Each was filed in the office of the District Clerk of Tarrant County and forwarded by it to the Texas Court of Criminal Appeals, but each was returned unfiled by the Clerk of the Texas Court of Criminal Appeals on the ground that petitioner failed to include all pages required for the filing of applications.  Rule 73.1 of the Texas Rules of Appellate Procedure sets forth the requirements in non-death penalty cases for petitions under article 11.07 of the Texas Code of Criminal Procedure.  The relevant portions of Rule 73.1 are as follows:

> (a) <u>Prescribed Form</u>. An application for post conviction habeas corpus relief in a felony case without a death penalty, under Code of Criminal Procedure article 11.07, must be made in the form prescribed by the Court of Criminal Appeals in an order entered for that purpose.
>
> . . . .
>
> (c) <u>Contents</u>. The person making the application must provide all information required by the form. The application must specify all grounds for relief, and must set forth in summary fashion the facts supporting each ground. The application must not cite cases or other law. Legal citations and arguments may be made in a separate memorandum. The application must be typewritten or handwritten legibly.

Tex. R. App. P. 73.1.

3

After having reviewed the documents petitioner actually filed with the District Clerk of Tarrant County, the court is satisfied that the Clerk of the Texas Court of Criminal Appeals was incorrect twice in concluding that petitioner failed to include all pages required for the filing of an application for post-conviction habeas corpus relief in a felony case under state law. The only part of the prescribed form that Darnell did not include in the application he filed in May 2004, was a page that gives instructions relative to completion of a question on the form. All substantive parts of the form were completed and filed by Darnell. Moreover, the court has determined that the application Darnell filed in September 2004 likewise was complete in all respects (and, in addition, included the instruction page that was omitted from the one Darnell filed in May).

On July 19, 2005, the court had a telephone conference with petitioner and counsel for respondent during which the exhaustion issue was discussed. Counsel for respondent acknowledged that lack of state court exhaustion is not a valid reason for the court not to resolve Darnell's petition on the merits. In other words, respondent admits, in effect, that a further attempt to exhaust would be futile. The court concurs. Accordingly,

The court rejects the findings, conclusions and recommendation of the magistrate judge and ORDERS that the petition in this action be, and is hereby, referred back to the magistrate judge for additional findings, conclusions, and recommendation.

4

SIGNED July 20, 2005.

                                                /s/  
                                                JOHN McBRYDE  
                                                United States District Judge