```
            IN THE UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION


ELIGAH DARNELL, JR.,           §
                               §
            Petitioner,        §
                               §
VS.                            §   NO. 4:04-CV-910-A
                               §
DEE ANDERSON, SHERIFF,         §
TARRANT COUNTY, TEXAS          §
                               §
            Respondent.        §
```

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Came on for consideration the above-captioned action wherein Eligah Darnell, Jr. ("Darnell") is petitioner and Dee Anderson is respondent. This is a petition for writ of habeas corpus filed on December 13, 2004, pursuant to 28 U.S.C. § 2254. On July 25, 2005, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that the parties file objections, if any, by August 15, 2005. On July 29, 2005, Darnell filed written objections; he filed additional objections on August 10 and 11, 2005. Respondent did not file objections.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings or recommendations to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667 (1980). The court is not addressing any nonspecific objections or any frivolous or

conclusory objections.  <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

### I.

### Background

In his petition, Darnell states that:

On March 29, 1989, Darnell pleaded guilty to a felony count of indecency with a child.  Darnell served a 9 year prison term, and was released on parole.  On February 19, 2004, Darnell was arrested for failure to register as a sex offender.[1]  Subsequent to this arrest, Darnell's parole was revoked, and he placed into the custody of the Tarrant County Sheriff's Dept.  On May 11, 2004, Darnell filed a writ of habeas corpus in state court.

On August, 12, 2004, during the pendency of that state writ, but before the filing of this petition, Darnell's sentence for the 1989 conviction was discharged.  Darnell is now charged by indictment for failure to register as a sex offender, and is awaiting trial in Tarrant County, Texas.

### II.

### Darnell's Petition

On December 13, 2005, Darnell filed this petition alleging four grounds for relief: (1) improper revocation of parole; (2) improper loss of time credits; (3) futility in resort to state

---

[1] The Texas Code of Criminal Procedure provides that a defendant convicted of a sexually violent offense has a lifetime duty to register as a sex offender.  Tex. Code Crim. Proc. Art. 62.12(a)(1).  Indecency with a child by sexual contact constitutes a sexually violent offense.  <u>Id.</u> at 62.01(6)(A).  Therefore, Texas law imposed upon Darnell a lifetime registration requirement.  <u>See</u> <u>Rodriguez v. Texas</u>, 93 S.W.3d 60, 77 (Tex. Crim. App. 2002).

2

processes; and (4) inordinate delay in state processes.  The magistrate judge recommended that grounds one and two of Darnell's petition be dismissed for lack of subject matter jurisdiction, and that grounds three and four be dismissed as moot.  Specifically, the magistrate judge found that when Darnell filed this petition he was not "in custody" for the purposes of 28 U.S.C. § 2254, because the sentence for his 1989 conviction for indecency with a child was discharged on August 12, 2004.

   In a telephone conference dated August 25, 2005, Darnell acknowledge to the  court that the conviction upon which grounds one and two of his petition were based had been discharged prior to the filing of this petition.  However, Darnell argued that he would have timely filed his federal petition had he not been forced to exhaust his state remedies first.  For the forgoing reasons, the court must reject Darnell's argument.

### III.

### Analysis

   Both the Supreme Court and the Fifth Circuit have consistently  "held that a movant is not 'in custody' under a conviction for the purposes of § 2254 relief where the sentence imposed for that conviction has fully expired." United States v. Esoqubue, 357 F.3d 532, 534 (5th Cir. 2004) (discussing Maleng c. Cook, 490 U.S. 488, 490-91 (1989)).  The determination of whether a § 2254 petitioner is "in custody" is made at the time the petition is filed.  See Carafas v. LaValle, 391 U.S. 234, 238 (1968).   Simply put, Darnell does not meet the statutory "in

3

custody" requirement because he is no longer, and was not at the time he filed this petition, in custody pursuant to the 1989 conviction, and neither is he presently in custody pursuant to another conviction that is positively and demonstrably related to the 1989 conviction he attacks.  See Escobedo v. Estelle, 655 F.2d 613, 616-17 (5th Cir. 1981).

In addition, Darnell's argument that the procedural requirement that he first exhaust his state remedies somehow impaired his federal right is baseless.  In Spencer v. Kemna the Supreme Court held that a habeas petition based upon the revocation of parole becomes moot once the entire term of imprisonment underlying the parole revocation is completed. 523 U.S. 1 (1998). Even assuming Darnell had properly filed his petition prior the completion of the 1989 sentence, the petition would now be moot because "the reincarceration that he incurred as a result of [the parole revocation] is now over and cannot be undone." Id. at 8.  Simply put, the fact that Darnell was required to first appeal to state processes in no way impaired his rights because the principle grounds for his petition--an improper revocation of parole--would not have allowed this court to maintain jurisdiction past the date upon which the conviction was discharged.

4

VI.

ORDER

After reviewing Darnell's objections, the magistrate judge's proposed findings, and applicable authority, the court concludes that the all of the grounds for Darnell's relevant objections are adequately addressed in the magistrate judge's proposed findings.  Therefore,

The court accepts the proposed findings, conclusions and recommendation of the magistrate judge and ORDERS that the petition in this action be, and is hereby, denied.

SIGNED August  26 , 2005.

                                          /s/ John McBryde
                                        JOHN McBRYDE
                                        United States District Judge